Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Tel: (973) 848-4026
Fax: (973) 848-4001
loly.tor@klgates.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY BELL, derivatively on behalf of ROCKET PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GAURAV SHAH, AARON ONDREY, ELISABETH BJÖRK, CARSTEN BOESS, MIKAEL DOLSTEN, PEDRO GRANADILLO, GOTHAM MAKKER, FADY MALIK, PIRATIP PRATUMSUWAN, DAVID SOUTHWELL, RODERICK WONG and KEITH WOODS,<br><br>Defendants.<br><br>and<br><br>ROCKET PHARMACEUTICALS, INC.,<br><br>Nominal Defendant. | Case No. 3:25-cv-16848-ZNQ-TJB |

**STIPULATION AND ORDER**
**TO STAY ACTION**

Plaintiff Mary Bell ("Plaintiff") and defendants Gaurav Shah, Aaron Ondrey, Elisabeth Björk, Carsten Boess, Mikael Dolsten, Pedro Granadillo, Gotham Makker, Fady Malik, Piratip

Pratumsuwan, David Southwell, Roderick Wong, Keith Woods and nominal defendant Rocket Pharmaceuticals, Inc. (collectively, "Defendants") hereby stipulate and agree as follows:

1. All proceedings in the above-captioned action (the "*Bell* Action") shall be stayed pending final disposition of any motions to dismiss filed in the related putative class action litigation pending before this Court, *In re Rocket Pharmaceuticals, Inc. Securities Litigation*, Case No. 3:25-cv-10049-ZNQ-TJB. The stipulated stay will terminate once all such motions to dismiss *In re Rocket Pharmaceuticals, Inc. Securities Litigation* have been finally resolved.

2. To the extent they have not already been served, Defendants hereby accept service of the complaint in the *Bell* Action.

3. During the pendency of the stipulated stay, Defendants shall promptly notify Plaintiff of any related putative derivative actions that are filed or threatened (including shareholder books and records demands or litigation demands).

4. During the pendency of the stipulated stay, Defendants shall promptly notify Plaintiff in the event a related putative derivative action is not stayed for a similar or longer duration than the stipulated stay in the *Bell* Action.

5. Plaintiff shall have the right, upon fourteen (14) days' notice to counsel for Defendants via email, to terminate the stipulated stay in the event a related putative derivative action is not stayed for a similar or longer duration than the stipulated stay in the *Bell* Action.

6. In the event that, during the pendency of the stipulated stay and for a one year period following its termination, provided that the *Bell* Action remains pending, Defendants agree to engage in a mediation (or other similar formal process) with plaintiffs in *In re Rocket Pharmaceuticals, Inc. Securities Litigation* or in any future factually-related derivative action, Defendants shall promptly provide Plaintiff with notice of such mediation (or other similar formal

process) and shall not object to Plaintiff's participation therein, subject to the consent of all other interested parties. In the event such consent to such a mediation (or other similar formal process) is not provided by all other interested parties, Defendants shall separately mediate or engage in such other formal process with Plaintiff at or about the same time.

7. In the event that, during the pendency of the stipulated stay and for a one year period following its termination, provided that the *Bell* Action remains pending, Defendants agree to engage in a mediation (or other similar formal process) with plaintiffs in any future factually-related derivative action, Defendants shall promptly provide Plaintiff with notice of such mediation (or other similar formal process) and include Plaintiff in such mediation (or other similar formal process).

8. In the event, prior to or during the pendency of the stipulated stay, any of the Defendants produce documents to the plaintiffs in *In re Rocket Pharmaceuticals, Inc. Securities Litigation*, to any plaintiffs in any related putative derivative actions, or to any shareholders who make a books and records demand or a litigation demand (collectively, "Related Proceedings"), the Defendants shall promptly produce to Plaintiff a copy of the same documents, provided that such production to Plaintiff is in accordance with and subject to any confidentiality agreement or protective order entered in the Related Proceedings applicable to such documents, and provided further that the parties to the *Bell* Action enter into a confidentiality agreement, and/or the Court in the *Bell* Action enters a protective order, permitting the use of such documents in the *Bell* Action, and incorporating protections no less stringent than those applicable to such documents in the Related Proceedings.

9. The Complaint in the *Bell* Action may be amended during the stipulated stay, but Defendants need not respond to the Complaint or any amended complaint while the stipulated stay is in effect.

10. Within twenty-one (21) days following the lifting or termination of the stay, the Parties shall file a proposed joint scheduling order governing further proceedings in the *Bell* Action. Until the Court rules upon the Parties' proposed schedule or otherwise enters an Order setting a schedule for further proceedings, Defendants shall remain under no obligation to answer, move to dismiss, plead, or otherwise respond to the operative complaint in the *Bell* Action.

11. Any conferences scheduled in the *Bell* Action shall be postponed until after the stipulated stay of proceedings terminates.

12. After the stipulated stay has terminated, Defendants will not move to stay the *Bell* Action in deference to any other derivative action. However, nothing shall prevent Defendants from moving to stay or dismiss the *Bell* Action until final disposition of *In re Rocket Pharmaceuticals, Inc. Securities Litigation* in the event *In re Rocket Pharmaceuticals, Inc. Securities Litigation* is not dismissed.

13. The Parties shall meet and confer regarding the consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled upon, notwithstanding the stay, and an application for the appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

14. Except as to the sufficiency of service (the Individual Defendants having waived service of process), nothing in the parties' Stipulation or any action taken by the Court shall

constitute or be construed as a waiver of any defense or objection to the complaint in the *Bell* Action, or to any amended complaint filed therein, available to any of the Defendants, and all such defenses are expressly preserved, including without limitation those based on jurisdiction and venue, and any other procedural or substantive rights, challenges, arguments, or defenses, nor shall any delay in this proceeding as a consequence of the stay of this action impair any such defense or objection. In addition, nothing in the parties' Stipulation shall constitute or be construed as an acknowledgement of Plaintiff's entitlement, following termination of the stipulated stay, to the production of any documents or information produced in the Related Proceedings following termination of the stipulated stay, the issue of Plaintiff's entitlement to such discovery being expressly reserved.

SO STIPULATED AND AGREED by and between the Parties this 25th day of November, 2025.

**K&L GATES LLP**

By: *<u>/s/ Loly G. Tor</u>*
Loly G. Tor
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Telephone: (973) 848-4026
Fax: (973) 848-4001
Email: loly.tor@klgates.com

*Attorneys for Defendants*

**THE BROWN LAW FIRM, P.C.**

By: *<u>/s/ Elizabeth J. Donohoe</u>*
Elizabeth J. Donohoe
Zachary M. Benson
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017

Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: edonohoe@thebrownlawfirm.net
Email: zbenson@thebrownlawfirm.net
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*

**It is further Ordered that the Clerk's Office shall administratively terminate this matter in light of the stay.**

IT IS SO ORDERED this 22nd day of December 2025.

______________________________
Hon. Zahid N. Quraishi
United States District Court Judge